O’Neall, J.
The words charged in the declaration,and proved on the trial were “ tell him he is riding a stolen hprse, and has a stolen watch in his pocket.” And the only question now necessary to be considered is, whether they intitled the plaintiff to go to the jury.
The rule in verbal slander, as to the construction of words, is, that they are to be understood in their ordinary and popular meaning. If words are susceptible of two meanings, one imputing a crime, and the other innocent, the latter is not to be adopted, and the other rejected, as a matter of course. In such *580 a case, it must be left to the jury to decide in what sense the defendant used them. Their conclusion must be formed from the whole of the circumstances attending the publication, including the sense in which the witnesses understood the words.
It might, perhaps, be ascertained in this case, that the defendant used the words without the intention of imputing any crime; and if the question had been left to the jury, and they had so found, it is possible that their verdict might have been sustained. But to my mind, there appears to be little room to differ about the meaning of the words. “ Tell him he is riding a stolen horse, and has a stolen watch in his pocket,” is as direct a' charge of felony, as if the defendant had said, he has stolen a horse and a watch. This I suppose would be the sense in which any common man would understand the words. And it is exactly, too, their legal effect. If, on a charge of horse-stealing, the plaintiff had been proved to have been found riding a stolen horse, it would have cast upon him the burthen of proving that he obtained the possession honestly; and if he had failed to do so, he must have been pronounced guilty of the offence. If the words contain every thing which would be necessary on the part of the State to establish a crime, it cannot be pretended that they do not impute any. These views of the.case supersede the necessity of considering any of "the other grounds made in it.
The motion to set aside the nonsuit is granted.
Johnson, J. concurred.
Motion granted,